UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH D. ARCENEAUX                         CIVIL ACTION

VERSUS                                      NO: 13-0719

TV PROFILE, LLC D/B/A AMERICAN              SECTION: "A" (3)
CASH ADVANCE

**ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss and Compel Arbitration, or in the Alternative, To Stay Proceedings (Rec. Doc. 5)** filed by defendant TV Profile, LLC d/b/a American Cash Advance. Plaintiff Joseph D. Arceneaux opposes the motion. The motion, scheduled for submission on July 31, 2013,[1] is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

**I.   BACKGROUND**

Plaintiff Joseph D. Arceneaux filed this lawsuit against his former employer, defendant TV Profile, LLC d/b/a American Cash Advance, alleging unlawful discrimination and wrongful termination. Defendant hired Arceneaux (age 49) on May 11, 2006, to be manager of its store located in Opelousas, Louisiana. (Comp. ¶ 3). Arceneaux complains that sometime in 2007 or 2008 he was passed over for the position of district manager, which was given to a white female. (*Id.* ¶¶ 5-6). In subsequent years new district managers were repeatedly hired from outside the company. (*Id.* ¶ 7). Finally, in August 2011, Arceneaux applied for the position of district support manager. He interviewed for the position but the

---

[1] The motion was originally carried on the magistrate judge's motion calendar until the parties objected to the referral. (Rec. Doc. 12).

1

job was awarded to a white female with only one year of experience. (Comp. ¶¶ 9-10). Arceneaux concluded that the company would only choose younger, white individuals to fill upper management positions so he filed an EEOC complaint in October 2011. (*Id.* ¶ 10).

Arceneaux contends that around March 2012, Defendant began to micromanage the Opelousas store in order to harass him thereby making his working conditions intolerable. (Comp. ¶ 14). On December 5, 2012, Defendant terminated Arceneaux's employment, and his position was filled by a younger, black female. (*Id.* ¶¶ 21-22). Arceneaux alleges that the average age of Defendant's upper management team is under the age of forty, and until April 2012 was all white and female. (*Id.* ¶ 23).

Arceneaux filed this action against Defendant on April 11, 2013. Arceneaux contends that he was denied promotional opportunities based on his race, gender, and age. He also alleges that Defendant harassed and retaliated against him because he reported Defendant's unlawful discrimination.

Defendant now moves to dismiss this action or alternatively to stay it arguing that all of Arceneaux's claims are subject to a binding arbitration agreement.

## II. DISCUSSION

The first step in evaluating a motion to compel arbitration is to determine whether the parties agreed to arbitrate. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). This determination depends on two considerations: (1) whether there is a valid agreement to arbitrate between the parties, and (2) whether the dispute in question falls within the scope of the arbitration agreement. *Id.* (*citing Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996)). Ambiguities or uncertainties as to whether a particular dispute falls within the scope of an arbitration agreement are resolved in favor of arbitration. *Id.* (*citing Volt Info Sciences, Inc. v. Board of Trustees*, 489 U.S. 468 (1989)). Ordinary contract

principles apply to the determination of whether a valid agreement to arbitrate exists between the parties. *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (*citing Fleetwood*, 280 F.3d at 1073). Thus, the strong federal policy favoring arbitration is triggered only after the Court determines that a binding arbitration agreement exists. *See id.* "Arbitration is strictly a matter of consent." *Klein v. Nabors Drilling USA, LP*, 710 F.3d 234, 237 (5th Cir. 2013) (*quoting Granite Rock Co. v. Int'l Brotherhood of Teamsters*, 130 S. Ct. 2847, 2857 (2010)).

Under Louisiana law interpretation of a contract is the determination of the common intent of the parties. La. Civ. Code art. 2045. The words of a contract must be given their generally prevailing meaning. La. Civ. Code art. 2047. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La. Civ. Code art. 2046.

In February 2007 Arceneaux and Defendant executed a mediation and arbitration agreement. (Rec. Doc. 5-3, Def. Exh. 1). In that document Arceneaux agreed to resolve by binding arbitration "all claims or controversies for which a federal or state court would be authorized to grant relief, either arising out of, or relating to, or associated with [his] employment with [Defendant]." (*Id.*). The agreement expressly includes claims for discrimination. (*Id.*). All of the claims asserted in this federal action clearly fall within the scope of this broad agreement—a conclusion that Arceneaux does not dispute.

Arceneaux is resisting arbitration by arguing that the agreement does not constitute a valid contractual agreement to arbitrate his employment-related claims. Arceneaux argues that his consent to the agreement was vitiated when his employment was terminated because the agreement clearly states that he was executing the agreement in consideration of the company employing him as an at-will employee. (Rec. Doc. 5-3, Exh. 1 ¶ 18). In other

words, Arceneaux believes that the agreement terminated when Defendant continued to employ him. To the contrary, the plain text of the agreement does not support Arceneaux's contention, and a termination that occurred five years after he executed the agreement can hardly constitute error so as to vitiate Arceneaux's consent at the time of contract formation.

Arceneaux also argues that Defendant waived arbitration. Waiver occurs when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party. *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004) (*citing Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999)). To invoke the judicial process the party must engage in some overt act that evinces a desire to resolve the claims through litigation rather than arbitration. *Id.* (*quoting Subway Equip.*, 169 F.3d at 329). There is a strong presumption against finding a waiver and the party urging waiver bears a heavy burden. *Id.* at 344(*citing Subway Equip.*, 169 F.3d at 326).

In this case there is no indication that Defendant invoked the judicial process, substantially or otherwise. Shortly after being served with Arceneaux's complaint, counsel for Defendant informed Arceneaux's counsel in writing of Defendant's intention to invoke binding arbitration. (Rec. Doc. 16-1, Exh. A). Being forced to respond to the complaint, Defendant then filed the instant motion to compel arbitration. The objective facts belie any suggestion of waiver.

In sum, none of the arguments urged by Arceneaux to escape the mediation and arbitration agreement have merit.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss and Compel Arbitration, or in the Alternative, To Stay Proceedings (Rec. Doc. 5)** filed by defendant TV Profile, LLC

d/b/a American Cash Advance is **GRANTED**. This matter is **STAYED** during the pendency of the parties' private mediation and arbitration proceedings. The Clerk of Court shall **CLOSE** this matter for statistical reporting purposes.

November 12, 2013

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE